**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Abraham GONZALEZ–CORONA,**
**Defendant–Appellant.**

**No. 00–50271.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 8, 2001.[*]

Decided Jan. 25, 2001.

Before BEEZER, O'SCANNLAIN, and KLEINFELD, Circuit Judges.

## MEMORANDUM**

Abraham Gonzalez–Corona appeals the 12–month plus one day sentence imposed upon his guilty plea conviction for importing marijuana in violation of 21 U.S.C. §§ 952, 960. We affirm.

 Gonzalez–Corona's sole contention is that the district court erred by granting him a two-level minor participant reduction under U.S.S.G. § 3B1.2(b) instead of a four-level minimal participant reduction under U.S.S.G. § 3B1.2(a). Because the material facts are undisputed, we review the district court's application of the Guidelines to the facts for an abuse of discretion. *E.g., United States v. Frega,* 179 F.3d 793, 811 n. 22 (9th Cir.1999), *cert. denied,* 528 U.S. 1191, 120 S.Ct. 1247, 146 L.Ed.2d 105 (2000), *and cert. denied sub nom. Adams v. United States,* 529 U.S. 1029, 120 S.Ct. 1443, 146 L.Ed.2d 331 (2000). "The defendant has the burden of proving that he is entitled to a downward adjustment based on his role in the offense by a preponderance of the evidence." *United States v. Davis,* 36 F.3d 1424, 1436 (9th Cir.1994).

■ "[T]his court has consistently stated that a downward adjustment under section 3B1.2 is to be used infrequently and only in exceptional circumstances." *Id.* Additionally, "the fact that a defendant acted as a drug courier does not mean his role was minimal or minor." *Id.* (citations omitted). Gonzalez–Corona contends that he was a "minimal participant" because he was less culpable than other alleged participants. This argument fails because Gonzalez–Corona did not establish by a preponderance of the evidence that he was "recruited as a courier for a single smuggling transaction involving a small amount of drugs." U.S.S.G. § 3B1.2, application note 2 (1998).

Gonzalez–Corona's contentions also fail because "we have recognized that possession of a substantial amount of narcotics is grounds for refusing to grant a sentence reduction [under section 3B1.2]." *United States v. Lui,* 941 F.2d 844, 849 (9th Cir. 1991). Gonzalez–Corona was admittedly the driver and sole occupant of a car in which nearly 60 pounds of marijuana were hidden in the gas tank. He admitted knowing that marijuana was hidden in the car, and that he intended to deliver the marijuana across the border. These facts provide an independent basis to affirm the district court's decision. *See United States v. Hursh,* 217 F.3d 761, 770 (9th Cir.2000). Accordingly, the district court did not abuse its discretion in granting Gonzalez–Corona a two-level rather than four-level downward adjustment pursuant to U.S.S.G. § 3B1.2.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.